**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
Southern Division**

O'REILLY AUTOMOTIVE STORES, INC.,

          Plaintiff,

   v.

BEARING TECHNOLOGIES, LTD.,

          Defendant.

:
:
:     Case No. 6:16-cv-03102-REL
:
:     [JURY TRIAL DEMANDED]
:
:
:

## MOTION TO DISMISS COUNTERCLAIMS

Plaintiff, O'Reilly Automotive Stores, Inc. ("O'Reilly"), moves the Court to dismiss all

Counterclaims asserted by Defendant, Bearing Technologies, Ltd. ("BT") in its Answer and

Counterclaims, dated July 11, 2016 (ECF No. 16) for failure to state a claim on which relief can

be granted.  In support of its Motion, O'Reilly hereby incorporates its contemporaneously filed

Suggestions In Support of Motion to Dismiss Counterclaims (ECF No. 23) and states:

      1.      Count 1 of the Counterclaims purports to assert a claim for "Federal Trademark

Infringement" under Section 32 of the Lanham Act.  (ECF No. 16 at p. 21.)  It should be

dismissed because: (i) BT does not allege that it owns a federally registered mark; (ii) it is barred

by the doctrine of acquiescence as a matter of law; and (iii) it is barred by the doctrine of laches

as a matter of law.

      2.      Count II of the Counterclaims purports to assert a claim for "False Designation of

Origin" under Section 43(a)(1)(B) of the Lanham Act.  (ECF No. 16 at p. 22.)  It should be

dismissed because: (i) it is barred by the doctrine of acquiescence as a matter of law; and (ii) it is

barred by the doctrine of laches as a matter of law.

3.      Count III of the Counterclaims purports to assert a claim for "Unfair Competition" under Section 43(a)(1)(A) of the Lanham Act.  (ECF No. 16 at p. 22.)  It should be dismissed because: (i) it is barred by the doctrine of acquiescence as a matter of law; (ii) it is barred by the doctrine of laches as a matter of law; and (iii) it is duplicative of Count II of the Counterclaims.

4.      Count IV of the Counterclaims purports to assert a claim for "Trademark Infringement Under Missouri Law" pursuant to Mo. Rev. Stat. § 417.056.  (ECF No. 16 at pp. 23-24.)  It should be dismissed because: (i) BT does not allege that it owns a registered mark in Missouri; (ii) it is barred by the doctrine of acquiescence as a matter of law; and (iii) it is barred by the doctrine of laches as a matter of law.

5.      Count V of the Counterclaims purports to assert a claim for "Trademark Infringement Under Ohio Law" pursuant to Ohio Revised Code § 1329.65 and Ohio common law.  (ECF No. 16 at pp. 24-25.)  It should be dismissed because: (i) BT does not allege that it owns a registered mark in Ohio; (ii) it is barred by the doctrine of acquiescence as a matter of law; and (iii) it is barred by the doctrine of laches as a matter of law.

6.      Count VI of the Counterclaims purports to assert a claim for "Unfair Competition Under Missouri Law."  (ECF No. 16 at pp. 25-26.)  It should be dismissed because: (i) it is barred by the doctrine of acquiescence as a matter of law; and (ii) it is barred by the doctrine of laches as a matter of law.

7.      Count VII of the Counterclaims purports to assert a claim for "Unfair Competition Under Ohio Law."  (ECF No. 16 at p. 26.)  It should be dismissed because: (i) it is barred by the doctrine of acquiescence as a matter of law; and (ii) it is barred by the doctrine of laches as a matter of law.

8.    Count VIII of the Counterclaims purports to assert a claim for "False or Fraudulent Registration" in procuring trademark registrations from the United States Patent and Trademark Office.  (ECF No. 16 at pp. 27-28.)  It should be dismissed because it fails to satisfy the plausibility standard of Rule 8 of the Federal Rules of Civil Procedure and the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

WHEREFORE, Plaintiff, O'Reilly Automotive Stores, Inc. respectfully requests the Court enter its Order dismissing the Counterclaims asserted by Defendant, Bearing Technologies, Ltd. for failure to state a claim upon which relief can be granted and granting O'Reilly such other and further relief as the Court deems just and proper.

*Respectfully submitted,*

| | |
|---|---|
| Kenneth A. Plevan (Pro Hac Vice) | /s/  *Jason C. Smith* |
| kenneth.plevan@skadden.com | Jason C. Smith (Mo. Bar No. 57657) |
| David M. Lamb (Pro Hac Vice) | **SPENCER FANE LLP** |
| david.lamb@skadden.com | 2144 East Republic Road, Ste. B300 |
| **SKADDEN, ARPS, SLATE,** | Springfield, Missouri 65804 |
| **MEAGHER & FLOM LLP** | Telephone: (417) 888-1013 |
| Four Times Square | Facsimile:  (417) 881-8035 |
| New York, New York  10036 | jcsmith@spencerfane.com |
| Telephone: (212) 735-3000 | *Attorneys for Plaintiff/Counterclaim* |
| Facsimile: (212) 735-2000 | *Defendant O'Reilly Automotive Stores, Inc.* |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 19th day of August, 2016, a true and accurate copy of the foregoing instrument was filed with the Court's electronic filing system, which sent notice of such filing to:

Jesse L. Jenike-Godshalk
Thompson Hine – Cincinnati
Email:
jesse.jenike-godshalk@thompsonhine.com

Laurence Robert Tucker
Armstrong Teasdale LLP-KCMO
Email: lrtucker@armstrongteasdale.com

Thomas Francis Zych
Thompson Hine – Cleveland
Email:  tom.zych@thompsonhine.com

*/s/ Jason C. Smith*