IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| O'REILLY AUTOMOTIVE STORES, INC., | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 6:16-cv-03102-MJW<br>) |
| | ) Jury Trial Demanded |
| BEARING TECHNOLOGIES, LTD., | )<br>) |
| Defendant. | )<br>) |

**SUGGESTIONS IN REPLY IN SUPPORT OF DEFENDANT'S
MOTION FOR LEAVE TO FILE AN AMENDED ANSWER
AND COUNTERCLAIMS TO AMENDED COMPLAINT**

Defendant Bearing Technologies, Ltd. ("Bearing Tech") respectfully submits its Suggestions in support of its Motion for Leave to File an Amended Answer and Counterclaims to Amended Complaint (the "Motion") and in response to the suggestions filed by Plaintiff O'Reilly Automotive Stores, Inc. ("O'Reilly") in opposition to the Motion (the "Opposition").

**I.      INTRODUCTION**

Even without the benefit of any discovery on the issue, it is clear that O'Reilly committed fraud on the U.S. Patent and Trademark Office ("USPTO") in connection with trademark registrations directly at issue in this case, and O'Reilly's fraud should result in cancellation of those registrations. O'Reilly conveniently waited until after the deadline to amend the pleadings to commit the fraud, and notwithstanding diligence throughout discovery, Bearing Tech did not become aware of the fraud until the parties exchanged opening expert reports. Now, Bearing Tech seeks leave to amend its counterclaims to assert a new fraud claim based upon O'Reilly's fraudulent actions in February 2017 that did not come to light until September 2017. The counterclaim directly impacts the validity of the registrations that O'Reilly is asserting against

Bearing Tech. As such, Bearing Tech respectfully submits that it meets the good cause standard to entitle it to file an amended counterclaim to allege fraud and seek to cancel the registrations.

In its Opposition, O'Reilly attempts to divert the Court's attention from its fraudulent actions, urging that the fraud has somehow been "nullified", that Bearing Tech has not stated an adequate claim, and that Bearing Tech is not entitled to the relief it seeks. O'Reilly is wrong on all counts.

First, O'Reilly has not "nullified" its fraud, nor can it. O'Reilly made false statements to the USPTO for the express purpose of gaining substantial benefits in connection with the same registrations that Bearing Tech seeks to cancel. O'Reilly knew those statements were false when made. In reliance on those statements, the USPTO acknowledged O'Reilly's filings. This acknowledgement allowed O'Reilly to publicly claim the benefit of incontestability—significant benefits to which O'Reilly was not entitled but nevertheless obtained. These actions constitute fraud under controlling law. What is more, O'Reilly tried to hide its fraud for months, despite obligations under the Federal Rules of Civil Procedure to disclose the fraudulent filings to Bearing Tech. It never disclosed the filings, Bearing Tech had to discover the fraud on its own. Were it not for Bearing Tech's discovery of the fraud and instant motion, O'Reilly would continue to reap the benefits of its fraudulent filings and the resulting change in status to its registrations. It is well-settled that O'Reilly cannot now "moot" its deceptive scheme simply by withdrawing the Section 15 filings.

Furthermore, as set forth below, Bearing Tech has more than adequately stated a claim for fraud and is clearly entitled to the relief it seeks under the relevant case law.

2

Case 6:16-cv-03102-MJW   Document 170   Filed 10/23/17   Page 2 of 9

For these reasons, and as detailed more fully below and in Bearing Tech's Motion and suggestions in support thereof, Bearing Tech respectfully requests that it should be granted leave to file an Amended Answer and Counterclaims to the Amended Complaint.

## II. ARGUMENT

### A. O'Reilly's Withdrawal Of The Section 15 Filings Does Not Cure The Fraud

There is no question that O'Reilly committed fraud on the USPTO, and O'Reilly cannot cure it now simply by withdrawing its Section 15 filings. O'Reilly made false statements to the USPTO to gain substantial benefits in connection with registrations that Bearing Tech seeks to cancel in this case. Specifically, O'Reilly affirmed to the USPTO under oath that there was no pending proceeding involving those registrations, despite its clear knowledge of Bearing Tech's cancellation claims in this case and Bearing Tech's suspended cancellation action against those registrations at the USPTO. *See* Declaration of Allison J. Terry in Support of Motion ("Terry Decl."), ECF No. 151-1, at ¶¶ 5–6, Exh. D, E. O'Reilly's in-house counsel, Eugene Han—who is intimately involved with this case and clearly aware of the cancellation action—made the declarations to support the Section 15 filings. *Id.* at ¶ 7, Exh. F. Yet, O'Reilly said nothing about the Section 15 filings to Bearing Tech before Bearing Tech's instant motion, despite O'Reilly's obligations under the Federal Rules to supplement its initial disclosures and responses to discovery requests that clearly encompassed this issue. *See id.* at ¶ 11, Exh. I.

What made O'Reilly *finally* act on the fraudulent Section 15 filings was Bearing Tech's instant motion. In other words, O'Reilly got caught, and only then did it petition the USPTO to withdraw the Section 15 filings.

O'Reilly is wrong that these after-the-fact petitions can cure the fraud. The case law is clear on this point: fraud before the USPTO in connection with a registration cannot be

3

remedied by the registrant's subsequent acts. *See*, *e.g.*, *G and W Labs., Inc. v. GW Pharma Ltd.*, 89 U.S.P.Q.2d 1571, at *2 (TTAB 2009) (finding that a fraud claim was not rendered moot by the subsequent actions of the registrant to remedy the fraud, and noting that "[i]t is settled that fraud cannot be cured merely by deleting from the registration those goods or services on which the mark was not used at the time of the signing of a use-based application or a Section 8 affidavit"); *Simi Winery, Inc. and Franciscan Vineyards, Inc. v. Mr. Container and SMI Global Corp.*, 2005 WL 2034547, at *2 n.9 (TTAB 2005) (noting that a registrant cannot cure fraud after-the-fact simply by deleting the offending information in the registration); *Medinol Ltd. v. Neuro Vasx, Inc.*, 67 U.S.P.Q.2d 1205, at *4 (TTAB 2003) (rejecting the defendant's argument that its fraud on the USPTO was moot due to its subsequent acts, and explaining that "deletion of the goods upon which the mark has not yet been used does not remedy an alleged Fraud upon the Office"); *Hachette Filipacchi Presse v. Elle Belle, LLC*, 85 U.S.P.Q.2d 1090, at *7 (TTAB 2007) ("[A] subsequent attempt by respondent to eliminate the goods on which its mark has never been used . . . would not serve to cure the fraud that was committed."); *accord Smith Int'l, Inc. v. Olin Corp.*, 209 U.S.P.Q. 1033, at *13 (TTAB 1981) (finding the plaintiff guilty of fraud where it accepted the benefits of Section 15, knowing that it was not entitled to them, and did not take any action to correct the Section 15 filings until a counterclaim was filed against it).

Because O'Reilly cannot cure its fraud by withdrawing the Section 15 filings, O'Reilly's fraud is not "moot" and Bearing Tech should be allowed to amend its Answer and Counterclaims to allege fraud and seek cancellation of the registrations on that basis.

### B. Bearing Tech Has Sufficiently Stated A Claim For Fraud

Amendment also would not be futile because Bearing Tech has more than adequately pleaded its fraud claim. To state a claim for fraud, Bearing Tech must make a showing that

4

O'Reilly knowingly made a false, material representation "with the intent to deceive the PTO." *In re Bose Corp.*, 580 F.3d 1240, 1245 (Fed. Cir. 2009). O'Reilly is, and has been, well aware of Bearing Tech's challenges to the registrations at issue—both in this case and in the cancellation action before the USPTO. Yet, O'Reilly affirmed to the USPTO under oath that there were no pending actions involving the registrations. As a result of these statements, the USPTO changed the status of the registrations to O'Reilly's benefit by acknowledging the Section 15 filings. This acknowledgment constituted public notice that O'Reilly was claiming the benefits of incontestability, even though it was not entitled to do so. *See* TMEP § 1605.

As set forth above, in Bearing Tech's suggestions in support of its Motion, and Bearing Tech's proposed Amended Answer and Counterclaims to the Amended Complaint, O'Reilly's acts constitute fraud. O'Reilly cannot escape its fraudulent acts by trying to poke imaginary holes in Bearing Tech's well-pleaded allegations, as set forth in further detail below.

    **1.**    **Reliance**

O'Reilly's argument that Bearing Tech has not adequately pleaded reliance is at odds with reality and should be rejected. Despite O'Reilly's hollow protests to the contrary, the USPTO *did* rely on O'Reilly's Section 15 filings when it issued acknowledgements of those filings. *See* Terry Decl., ECF No. 151-1, ¶ 8, Exh. G. After all, the USPTO only issued the acknowledgements *because* O'Reilly made the Section 15 filings; it did not—nor could it—issue the acknowledgements had O'Reilly *not* filed the Section 15 declarations. Thus, there can be no real question that the USPTO relied on O'Reilly's filings. Further, the acknowledgements constituted public notice that O'Reilly was claiming its registrations to be incontestable, which in turn allowed O'Reilly to continue its deceptive scheme.

### 2. Injury

Bearing Tech has also adequately pleaded injury. Specifically, Bearing Tech has alleged that as a result of O'Reilly's fraudulent acts, O'Reilly was able to—and did—claim the benefits of incontestability—*i.e.*, that its registrations were conclusive evidence of validity, registration, ownership and exclusive right to use the mark with the registered goods. Thus, O'Reilly is wrong to suggest there has been no harm to Bearing Tech on the alleged grounds that "at no point has O'Reilly sought to assert a claim of incontestability" with respect to the registrations at issue. Indeed, that is exactly what O'Reilly did when it made the Section 15 filings.

O'Reilly also attempts to steer the Court off-track with its suggestion there has been no harm because a court determination is required to claim incontestability. The Lanham Act requires no such thing—instead, it expressly provides that a registrant's right to use a registered mark "*shall be incontestable*" provided that the following conditions are met: (1) there is no pending proceeding or adverse decision involving the registrations; (2) the registrant files the required Section 15 declaration with the USPTO; and (3) the mark is not generic. *See* 15 U.S.C. § 1065. Nowhere among these is a requirement that registrants seeking to claim incontestability must obtain a court order before doing so. *See id.*

Further, O'Reilly is wrong that its petitions to withdraw the Section 15 filings moot Bearing Tech's claim that it has been damaged by those filings. As set forth above, the case law is clear that a registrant's subsequent actions to "correct" fraud it previously committed on the USPTO cannot cure the fraud. *See* Section II.A., *supra*.

### 3. Knowledge and Intent

Finally, Bearing Tech's allegations that O'Reilly knew that its statements were fraudulent when made and that it intended to defraud the USPTO in making them are more than adequate.

6

O'Reilly admits as much when it says that "O'Reilly recognizes that on this Motion, the Court may not determine whether Mr. Han made a human error, or whether he intended to defraud the Trademark Office and somehow gain an unfair advantage over Bearing Tech." *See* Opposition, ECF No. 159, at 2. Obviously, when caught, Mr. Han will claim inadvertence but discovery will reveal the opposite. Moreover, the pleading standard is whether Bearing Tech states a claim, and it does.

      C.      **Bearing Tech Is Entitled To The Relief It Seeks**

O'Reilly urges this Court to ignore cases that hold that cancellation is a remedy for a fraudulent Section 15 filing, but offers no caselaw to support its position, relying solely upon a treatise with no justification for doing so. The cases are clear that fraud is a basis upon which to seek cancellation of a trademark registration. *In re Bose Corp.*, 580 F.3d 1240, 1243 (Fed. Cir. 2009); *Clearly Food & Beverage Co., Inc. v. Top Shelf Beverages, Inc.*, 102 F. Supp. 3d 1154, 1167 (W.D. Wa. 2015); *Constellation Brands, Inc. v. Arbor Hill Assoc., Inc.*, 535 F. Supp. 2d 347, 361 (W.D.N.Y. 2008). Furthermore, "filing a fraudulent incontestability affidavit provides a basis for canceling the registration itself." *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1444 (9th Cir. 1990) (internal citations omitted). As such, Bearing Tech should be permitted to add its claim for fraud.

**IV.**     <u>**CONCLUSION**</u>

For the foregoing reasons, and those set forth in its Motion and suggestions in support thereof, Bearing Tech respectfully requests that the Court grant its Motion and allow it to file an Amended Answer and Counterclaims to O'Reilly's Amended Complaint, a copy of which has been submitted as Exhibit A to the Motion. *See* ECF 150-1.

7

Dated: October 23, 2017	Respectfully Submitted:

/s/ *Meredith M. Wilkes*
Miranda M. Sooter (Mo. Bar No. 64308)
Kathryn C. Bascom (Mo. Bar No. 64796)
ARMSTRONG TEASDALE LLP
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 64108-2617
Telephone: +1.816.221.3420
Facsimile: +1.816.221.0786
msooter@armstrongteasdale.com
kbascom@armstrongteasdale.com

Meredith M. Wilkes (admitted *pro hac vice*)
Candice M. Reder (admitted *pro hac vice*)
Allison J. Terry (admitted *pro hac vice*)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114.1190
Telephone: +1.216.586.3939
Facsimile: +1.216.579.0212
mwilkes@jonesday.com
creder@jonesday.com
aterry@jonesday.com

*Attorneys for Defendant/Counterclaim Plaintiff, Bearing Technologies, Ltd.*

8

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | |
|---|---|
| O'REILLY AUTOMOTIVE STORES, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) **Case No. 6:16-cv-03102-MJW** ) |
| BEARING TECHNOLOGIES, LTD., | ) Jury Trial Demanded ) ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 23, 2017, the forgoing *Suggestions in Reply in Support of Defendant's Motion for Leave to File an Amended Answer and Counterclaims to Amended Complaint* was filed electronically with the Court, with notice of the filing generated and sent electronically by the Court's CM/ECF system, which sent notice of such filing to:

Jason C. Smith
Spencer Fane LLP
2144 E. Republic Road
Suite B300
Springfield, MO 65804
jcsmith@spencerfane.com

Kenneth A. Plevan
David M. Lamb
Skadden, Arps, Slate, Meagher & Flom LLP
4 Times Square
New York, NY 10036
kenneth.plevan@skadden.com
david.lamb@skadden.com

*Attorneys for Plaintiff/Counterclaim Defendant*
*O'Reilly Automotive Stores, Inc.*

                /s/ *Kathryn C. Bascom*
                *Attorney for Bearing Technologies, Ltd.*

9

Case 6:16-cv-03102-MJW   Document 170   Filed 10/23/17   Page 9 of 9