IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| O'REILLY AUTOMOTIVE STORES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-3102-CV-S-BP |
| | ) | |
| BEARING TECHNOLOGIES, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND OPINION GRANTING
PLAINTIFF'S MOTION TO STRIKE JURY DEMANDS**

O'Reilly Automotive Stores, Inc., ("Plaintiff"), filed suit against Bearing Technologies, Limited, ("Defendant"), asserting claims under the Lanham Act and related state laws. Defendant responded with similar counterclaims. In two separate Orders the Court granted summary judgment with respect to many of the parties' claims. (Doc. 411, Doc. 429.) Plaintiff then filed a Motion to Strike Jury Trial Demands, arguing that there is no right to a jury trial on the remaining claims. The Court agrees that there is no right to a jury trial on the remaining claims, so the motion, (Doc. 443), is **GRANTED.**

**I. BACKGROUND**

The Court's prior Orders provide greater detail about the background to this case. (*See* Doc. 411, pp. 1-4; Doc. 429, pp. 1-6.) In summary, this lawsuit involves the use of the word "Precision" to describe certain auto parts, as well as the use of particular marks or logos using that word. Both parties claim the right to use of the word. Plaintiff has a registered mark, and Defendant alleges that it has a common law mark that existed prior to the registration of Plaintiff's mark.

The Court's prior orders disposed of all claims seeking damages. Plaintiff's only remaining claim is Count VII, which seeks a declaration that Defendant does not have a common law trademark and that certain applications Defendant has made with the Patent and Trademark Office, ("the PTO"), are void. Defendant's only remaining counterclaim is Counterclaim IV, which seeks cancellation of Plaintiff's registration. Plaintiff argues that neither party has a right to a jury trial because the only relief sought in the remaining claims is equitable in nature. Defendant argues that the Seventh Amendment provides a right to a jury trial because there are factual issues that must be decided by a jury. The Court resolves these arguments below.

## II. DISCUSSION

There is no doubt that there is a right to a jury trial in a trademark case when damages are sought. *See, e.g., B&B Hardware, Inc. v. Hargis Indus.,* 135 S. Ct. 1293, 1304 (2015) (citing *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 477, 479-80 (1962)). Most courts have relied on *Dairy Queen* to conclude that there is a right to a jury trial in a trademark action when legal damages are sought but not when the only relief sought is equitable in nature, even if the equitable relief involves the payment of money. *See* 6 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition,* § 32:124 (5th ed. 2018). For instance, the Sixth Circuit upheld the denial of a jury trial in a case alleging infringement because the plaintiff's "complaint requested only equitable relief; an injunction and disgorgement of profits." *Ferrari S.P.A. v. Roberts,* 944 F.2d 1235, 1248 (6th Cir. 1991). The Ninth Circuit similarly held that a claim seeking disgorgement of profits is an equitable remedy, so there is no right to a jury trial when that is the only relief sought. *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.,* 778 F.3d 1059, 1075 (9th Cir.), *cert. denied,* 136 S. Ct. 410 (2015). Other courts have reached similar conclusions. *E.g., Gucci Am., Inc. v. Weixing Li,* 768 F.3d 122, 133 (2d Cir. 2014) (holding that a request for an accounting and an award of

profits is an equitable remedy for which there is no right to a jury trial); *Castrol, Inc. v. Pennzoil Quaker State Co.,* 169 F. Supp. 2d 332, 344 (D.N.J. 2001)

Here, none of the remaining claims seek monetary relief. The preceding cases are still instructive, however, because they demonstrate that the nature of the relief sought is important when determining whether there is a right to a jury trial in a trademark action. Even claims that seek money may still be equitable in nature, and therefore a jury would not be required – and as stated, here there are no claims seeking money. When the only claims in a trademark case seek declaratory relief, courts routinely conclude that there is no longer a right to a jury trial. For instance, in *Big Dog Motorcycles, L.L.C. v. Big Dog Holdings, Inc.,* 400 F. Supp. 2d 1273 (D. Kan. 2005), the plaintiff brought suit seeking a declaration that it was not infringing on the defendant's trademark or otherwise engaging in unfair competition. The district court struck the defendant's jury demand because the relief sought was equitable and not legal. The court acknowledged that this same issue – whether infringement occurred – would be determined by a jury in an action seeking damages, but "[a]bsent such a damage claim, however, the right to a jury trial is not triggered in a trademark case in which the plaintiff seeks only equitable relief such as an injunction and/or a declaratory judgment." *Big Dog,* 400 F. Supp. at 1275.

While the Eighth Circuit has not addressed this issue, district courts in this circuit have reached this same conclusion. For instance, in *Kemp v. Tyson Foods, Inc.,* 2001 WL 1636512 (D. Minn. 2001), numerous claims had been dismissed, leaving only some of the defendant's counterclaims. At the pretrial conference, the defendant withdrew its request for compensatory and punitive damages, leaving only its request for an order directing the PTO to refuse the plaintiff's pending applications to register certain trademarks. *Kemp,* 2001 WL 1636512, at * 1. The district court granted the plaintiff's request to strike the jury demand, holding "that the nature

of [the defendant's] claims and withdrawal of its damage claims leaves this action with only equitable claims and requires that the jury demand in this case be stricken." *Id.* at *2. The existence of factual questions that would be determined by a jury if damages were sought did not alter the analysis. *Id.*

In *Arctic Cat, Inc. v. Sabertooth Motor Grp., LLC,* 2016 WL 4212253 (D. Minn. 2016), only the defendant asserted claims seeking damages. The district court struck the defendant's damages expert, leaving only the defendant's request for an accounting and cancellation of plaintiff's registrations. The court then struck the defendant's jury demand, holding that requests for an accounting and for cancellation were equitable and thus not did not have to be tried to a jury. *Arctic Cat,* 2016 WL 4212253, at *5-6.

In *Lovely Skin, Inc. v. Ishtar Skin Care Prod., LLC,* 2012 WL 379930 (D. Neb. 2012), the plaintiff sought disgorgement of defendant's profits and damages. However, the plaintiff's expert did not calculate damages suffered by plaintiff. *Lovely Skin,* 2012 WL 379930, at *9. The district court held that "[a] significant difference exists between requesting relief in the form of damages and in the form of profits" and that "without an articulated claim for damages, [the plaintiff's] jury demand on that basis cannot stand." *Id.* And finally, in *Minnesota Specialty Crops, Inc. v. Minnesota Wild Hockey Club, LP,* 2002 WL 1763999 (D. Minn. 2002), the court dismissed several of the plaintiff's claims, then held that "[a]ll of [the plaintiff's] remaining claims are clearly equitable, and the Court therefore also must grant defendant's motion to strike [the plaintiff's] jury demand." *Minnesota Specialty Crops,* 2002 WL 1763999, at *10.

Significantly, Defendant does not dispute that the remaining claims seek only equitable relief. It also does not address the cases cited above. Instead, it cites the Supreme Court's decision in *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry,* 494 U.S. 558 (1990), for the

4

proposition that "'[t]he Seventh Amendment question depends on the nature of the *issue* to be tried rather than the character of the overall action.'" (Doc. 469, p. 5 (quoting *Terry,* 494 U.S. at 569) (emphasis in *Terry*).) However, this is only part of the analysis. Earlier in the opinion, the *Terry* Court stated:

> To determine whether a particular action will resolve legal rights, we examine both the nature of the issues involved and the remedy sought. *First*, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. *Second,* we examine the remedy sought and determine whether it is legal or equitable in nature. *The second inquiry is the more important in our analysis.*

*Terry,* 494 U.S. at 565 (quotations omitted; emphasis supplied). The passage quoted by Defendant appears later, in part III-A of the opinion, where the Court discussed the first of the two factors. In that discussion the Court did not disclaim its earlier observation about the need to consider the nature of the remedy sought; instead, it was explaining what the first prong of the analysis means.[1] The Court went on to consider the nature of the remedy sought in Part III-B of the opinion, where a majority of the Court agreed that the damages sought were legal in nature and that after "[c]onsidering *both parts* of the Seventh Amendment inquiry" there was a right to a jury trial when back pay is sought. *Id.* at 573 (emphasis supplied). Finally, any doubt that *Terry* meant what it said when it stated that the nature of the remedy sought is "more important" to the analysis, *Terry,* 494 U.S. at 565, is refuted by subsequent decisions making the same point. *E.g., Wooddell v. Int'l Bhd. of Elec. Workers, Local 71,* 502 U.S. 93, 97 (1991); *see also Cass County Music Co. v. C.H.L.R., Inc.,* 88 F.3d 635, 641 (8th Cir. 1996).

Unlike the cases cited earlier, Defendant does not address the relevant factors, including the "more important" factor that the only relief sought in this case is equitable in nature. Instead, Defendant contends that the presence of factual disputes automatically entitles it to a jury's

---

[1] And, for what it is worth, Part III-A only garnered the vote of a plurality of the Justices.

5

determination of those facts. Defendant's argument is flawed in several respects. First, this is not part of the inquiry. When *Terry* stated that the focus is on "the nature of the issue to be tried rather than the character of the overall action," it used the word "issue" to refer to the cause of action – which makes sense, given that the first factor addresses whether the claim is one that would have been tried in the courts of law in England. *See Terry,* 494 U.S. at 568-69. Second, it would be illogical for the mere presence of disputed facts to be the sole determinant. If the Seventh Amendment right to a jury trial is triggered simply by the presence of unresolved facts, no court could ever decide a purely equitable matter. As Professor McCarthy explains, "there is no such thing as a legal fact or an equitable fact. Facts are neutral and change their legal or equitable complexion according to the remedy which is requested." 6 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition,* § 32:123 (5th ed. 2018).

Defendant also relies on the Supreme Court's decision in *Hana Financial, Inc. v. Hana Bank,* 135 S. Ct. 907 (2015). In that case, the Court held that the issue of "tacking" (an issue that will arise in this case) is a question for the jury.[2] Defendant construes this holding to mean that tacking "is an issue that *must* be decided by a jury." (Doc. 469, p. 5.) The Court does not agree with this interpretation. In *Hana Financial,* a jury trial was appropriate because the plaintiff asserted a trademark infringement claim and sought damages, and the issue of tacking arose during the trial. The question before the Court was whether tacking was a factual issue (to be decided by the jury) or a legal inquiry (to be decided by the judge), not whether its presence as an issue in the case compelled that there be a jury in the first place. To the contrary, the Court specifically

---

[2] Tacking is a doctrine that allows a party to "clothe a new mark with the priority position of an older mark." *Hana Fin.,* 135 S. Ct. at 911.

observed that the issue would be determined by a judge if there was no jury. *Hana Financial,* 135 S. Ct. at 911.[3]

The weight of authority establishes that the remaining claims historically would not have been considered by courts of law, and Defendant does not present any argument to the contrary. More importantly, the relief sought by the remaining claims is equitable in nature, and Defendant does not dispute this point either. Finally, numerous courts confronted by situations like the one in this case have concluded that there is no right to a jury trial. For these reasons, the Court concludes that there is no right to a jury trial in this case.

### III. CONCLUSION

There is no right to a jury trial on the remaining issues in this case. Accordingly, Plaintiff's Motion to Strike Jury Trial Demands is **GRANTED**. The trial will now be a bench trial.[4]

**IT IS SO ORDERED.**

DATE: October 8, 2018

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT

---

[3] Defendant cites two unpublished orders issued by district judges after *Hana Financial* was decided, in which the district courts stated that the tacking issue was to be decided by a jury. However, one of the cases states that there was a claim for damages, which triggered the need for the jury to resolve the issue. *See Solar Sun Rings, Inc. v. Pools,* 2016 WL 6139615, at *1 (C.D. Cal. 2016). The other order Defendant cites is an Order in Limine, and while it is not clear from the Order it appears that there was a claim for damages in that case as well. *Winters v. PACCAR, Inc.,* 2017 WL 5957775, at *2 (W.D. Mo. 2017). Therefore, these cases do not stand for the proposition that the issue of tacking must be decided by a jury regardless of the remedy sought.

[4] Given that there will not be a jury, the Court does not intend to discuss the objections to deposition designations or the motions in limine in great detail during the pretrial conference.